951-15     952-15
ORIGINAL

COA CASE NO. 01-13-00909-CR

| | | |
|---|---|---|
| STATE of TEXAS | § | COURT of CRIMINAL |
| V | § | APPEALS |
| KWARTENG OSURO MICHAEL | § | AUSTIN, TEXAS. |

FILED IN
COURT OF CRIMINAL APPEALS

SEP 17 2015

Abel Acosta. Clerk

WRIT OF CERTIORARI

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 10 2015

Abel Acosta, Clerk

To the honorable judges of this court;

    Kwarteng Oduro Michael, being the petitioner, files WRIT OF CERTIORARI, in anticipation that this supreme body will make a decision, in a consistent fashion, access my case, which is a combination of facts and law, and grant Cert.

    Since facts are a common knowledge, I will be succint. I humbly ask you judges that you individually observe the relevant law and facts, use your expertise and magnate jurisprudential perspectives on this case. The law was not properly interpreted by the trial court below. Empirical analysis made was undermind in a haste. Trial court claims no frivolous reasons were found, hence decision. They adopted the outrageous decision that a non-felonious citizen, protecting his self from a felon, a gangmember in a dangerous situation, accidentally wounds a bystander deserves a decade behind bars. A decade? That is very harsh.

    Furthermore, I never saw my court appointed counsel from appeals court. Counsel, Emily Detoto never gave me prudence, or any form of communication. All I received was a-

letter of withdrawal. This was putatively my appeals court appointed counsel. Articles by Spritzer and Tully, also Cameron Segal and Sander consider discretionary reviews by a higher court for the purpose of ideological auditing, solely because of perspectives, and preferences of ideas may differ. Which I humbly pray that this court will use the rule-of-four, apply the push equilibria, so I can pursue my case as Khan v State Oil Company 93 F.3d 1358 (1996) had a chance to fight his, due to the dissent by chief judge Richard Posner's majority opinion.

In an act of defending myself from an armed gangster, I accidentally hurt Ozil, an innocent bystander. My intention and action was that of self defense. Tx Penal Code § 9.31 (self defense), Penal Code 1, Section 1.01 to 18, Subchapter C. (protection of persons), and not a criminal act. Immediate force was required to save my life (Texas Penal Code (9.31, section ②). An insurmountable amount of squable grounds were over looked in the appeals court, and I will state them.

I have no felonies on my record. I have never been charged with a felony in this state, or any other. Why wasn't this taken into consideration?

Secondly, my guilty plea comes from the advice of my no-good hired counsel (Jerome Arthur White III). He claimed it was a plea bargain, because a bystander got hurt. Oblivious to me, I was pleading guilty to two cases, instead of one.

My case states that I was captured, or arrested, which is false. I personally came in to Harris County, met Officer Mike on the street, told him what transpired - gave him details, and turned myself in, with my gun, which had no rounds in, or none in the chamber. Police reports told otherwise; said I had a live round in the gun, which is totally false. October 17th, 2012, 9:17pm is when I turned myself in. The same day of the incident. A guiltless action of coming forward has not been respected.

For me, I understand the range of punishment for a criminal. Yes a criminal, an intentional killer, but not me. No. 120 months/ 10years is a very intense sentence for accidentally hurting a person, as a result of self defense (Texas Penal Code 1, Section 1.01-18). I have served 35 months, extended to 3years in jail. I have missed school, my family, and life. 3years in here, is very long. My punishment should not invoke fighting for my life, Thus, defending myself from a shooter.

I asked appeals court for leniency, a personal release bond or cash bond in order to fight this case, but it fell on deaf ears. I asked for probation as it now to no avail. A bond, strict community supervision / release would suffice now. I really need a second chance in life. I believe that appeal court erred in their part for grounds for alleviation. I respectfully pray that the honorable court of criminal appeals will exercise their supreme powers, give me Kwarteng, Oduro Michael a second chance, decide to-

Consider my case, and grant Cert. Thank you.

Respectfully Submitted

Kwarteng, Oduro Michael
Harris County, TX
00231568, 6M1
September, 7th, 2015AD.

ES-0085-01-07
Δ

Opinion issued June 25, 2015



In The

# Court of Appeals

For The

# First District of Texas

---

NO. 01-13-00908-CR
NO. 01-13-00909-CR

---

## MICHAEL ODURO KWARTENG, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Case Nos. 1365142 and 1369903

---

## MEMORANDUM OPINION

Appellant, Michael Oduro Kwarteng, pleaded guilty to the felony offenses of

aggravated assault with a deadly weapon and aggravated assault causing serious

bodily injury, without an agreed recommendation from the State regarding

punishment. *See* TEX. PENAL CODE. ANN. §22.02(a)(1), (2) (West 2011). In both

cases, the trial court found appellant guilty and assessed punishment at 10 years' imprisonment with the sentences running concurrently. The trial court certified that these are not plea bargain cases and that appellant has the right to appeal. Appellant timely filed notices of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeals are without merit and are frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant filed a pro se response arguing that (1) although he voluntarily pleaded guilty to the offenses, his actions were in self-defense, (2) his trial counsel did not raise any objections during the sentencing hearing, and (3) he should have received a lighter sentence.

We have independently reviewed the entire record in these appeals, and we conclude that no reversible error exists in the record, there are no arguable grounds

for review, and the appeals are frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgments of the trial court and grant counsel's motion to withdraw.[1] Attorney Emily Detoto must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* Tex. R. App. P. 6.5(c).

## PER CURIAM

Panel consists of Justices Jennings, Bland, and Brown.

Do not publish. Tex. R. App. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

3